IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MICHAEL R. ROBINSON, | : | Case No. 3:15-cv-298 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| KLOSTERMAN BAKING COMPANY INC., | : | |
| | : | |
| Defendant. | : | |

_____

**ENTRY AND ORDER DENYING DEFENDANT KLOSTERMAN BAKING COMPANY, INC.'S MOTION TO DISMISS WITH PREJUDICE, AS SANCTION FOR WANT OF PROSECUTION (DOC. 7) AND AMENDING TRIAL SCHEDULE**
_____

This case is before the Court on the Motion to Dismiss With Prejudice, As Sanction for Want of Prosecution ("Motion to Dismiss") (Doc. 7) filed by Defendant Klosterman Baking Company, Inc. ("Klosterman"). By the Motion to Dismiss, Klosterman argues that Plaintiff Michael Robinson ("Plaintiff") "has willfully failed to comply with his discovery obligations," and, therefore, this case should be dismissed with prejudice. In response, Plaintiff claims to have provided responses to some of Klosterman's written discovery and requests clarification of his deficient responses so that he can remedy them. (Doc. 8.) Plaintiff also claims that Klosterman unilaterally selected the date of his deposition and requests a new date and the opportunity to provide deposition testimony.

"Dismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 607 (6th Cir.

1985) (citing *Societe Internationale v. Rogers*, 357 U.S. 197 (1958)).  The record suggests that Plaintiff's counsel has been dilatory in responding to discovery requests and ignored Klosterman's demands for supplementation of the deficient responses that Plaintiff ultimately produced. Plaintiff also never produced initial disclosures, as required by Fed. R. Civ. P. 26(a)(1), and failed to appear for a noticed deposition.  The Court will not impose the severe sanction of dismissal of Plaintiff's action for this conduct, however, because Klosterman failed to timely raise these discovery issues with the Court.

During the October 18, 2016, status conference, Klosterman indicated that it was unable to raise these issues with the Court because Plaintiff's counsel refused to engage in a meet-and-confer session as required under the Court's local rules.  Southern District Ohio Civil Rule 37.1 states:

> Objections, motions, applications, and requests relating to discovery shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences.  After extrajudicial means for the resolution of differences about discovery have been exhausted, in lieu of immediately filing a motion under Fed. R. Civ. P. 26 or 37 [. . .], any party may first seek an informal telephone conference with the Judge assigned to supervise discovery in the case.

While this local rule requires parties to exhaust "all extrajudicial means for resolving differences" before filing a discovery motion, it does not require counsel to repeatedly attempt to meet and confer with an adversary who refuses to engage in a meaningful dialogue about disputed issues. Counsel also should be mindful of their obligation to bring discovery issues to the Court's attention in time to resolve them within the schedule set forth in the Court's Pretrial Conference Order (Doc. 5).

As early as April 29, 2016, Klosterman sent an email to Plaintiff about his failure to provide initial disclosures and responses to written discovery.  (Doc. 7-1 at PAGEID# 116.)  In

the same email, Klosterman also requested a date when Plaintiff would be available for deposition. (*Id.*) Four months later, Klosterman still had not received Plaintiff's initial disclosures, had not resolved its concerns regarding Plaintiff's discovery responses, and was unable to complete Plaintiff's deposition. On August 31, 2016—one day before the deadline to complete discovery expired, Klosterman filed the Motion to Dismiss, now before the Court, based on Plaintiff's failure to meet his discovery obligations. At no time between April 29th and August 31st did Klosterman seek Chief Magistrate Judge Ovington's guidance on any of the outstanding issues. Based on this record, the Court will not dismiss Plaintiff's case or impose any other sanction.

Nonetheless, the Court will amend the scheduling order so that the parties may address the discovery issues raised by Klosterman's motion and this case may be tried on the merits. The Court therefore **ORDERS** as follows:

1. By no later than 30 days from the entry of this Order, Plaintiff is ordered to produce initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), correct the deficiencies in his discovery responses that are set forth in the July 6, 2016 letter from Klosterman's counsel (attached as Exhibit 9 to the Declaration of Mark J. Chumley (Doc. 7-1)), and produce Plaintiff for deposition;

2. By no later than 45 days from the entry of this Order, Klosterman is ordered to bring any remaining discovery issues before the Court by written motion and a supporting memorandum of no more than 10 pages;

    a. Plaintiff may respond to any discovery motion brought by Klosterman within 5 days of service (no additional time to respond will be permitted under Fed. R. Civ. P. 6(d) and 5(b)(2)(C), (D), (E) or (F)) by filing a memorandum of no more than 10 pages;

    b. Klosterman may file a reply to any response filed by Plaintiff within 3 days of service (no additional time to respond will be permitted under Fed. R. Civ. P. 6(d) and 5(b)(2)(C), (D), (E) or (F)) by filing a memorandum of no more than 5 pages;

3. Any other motion not directed to the pleadings is due by no later than January 13, 2017;

4. The Final Pretrial Conference is set for July 27, 2017 at 2:30 AM;

5. Exhibit submission for trial is due no later than August 16, 2017; and

6. Jury trial set for August 21, 2017 at 9:00 AM in Courtroom 2 – Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, October 21, 2016.

                                                                                                          s/Thomas M. Rose

                                                                           _____
                                                                              THOMAS M. ROSE
                                                              UNITED STATES DISTRICT JUDGE